UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADAM BAHADUR KHATRI, | No.  1:26-cv-00057-KES-SKO (HC) |
| Petitioner, | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | Doc. 5 |
| Respondents. | |

Petitioner Padam Bahadur Khatri is an immigration detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner argues that he has been detained for an unreasonably prolonged period of time without a bond hearing in violation of his Fifth Amendment Due Process rights.  *See* Doc. 1.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 9, 2026, the assigned magistrate judge issued findings and recommendations to summarily dismiss the petition.  Doc. 5.  The findings and recommendations concluded that "[p]etitioner's short 4-month period of detention to date does not qualify as unreasonably prolonged."  *Id.* at 3.  Those findings and recommendations were served upon all parties and

1

contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  No objections have been filed, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, the Court declines to adopt the findings and recommendations.  While certain parts of petitioner's form petition state that petitioner has been detained "since 09/13/2025," the petition appears to clarify in a separate paragraph that he was detained on October 23, 2024, held at a detention center in Alvarado, Texas for 10 months, then transferred to the Golden State Annex Detention Center in McFarland, California on September 13, 2025.  *See* Doc. 1 at ¶¶ 19, 23.  Petitioner thus appears to allege that he has been detained for a cumulative period of sixteen months without a bond hearing.  Sixteen months is within the range of time that courts have found to be unreasonably prolonged in other cases.  *See, e.g.*, *Diep v. Wofford*, 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal Feb. 25, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1226(c) for 13 months); *A.E. v. Andrews*, 1:25-cv-00107-KES-SKO, 2025 WL 1424382 (E.D. Cal. May 16, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1225(b) for 20 months).  Summary dismissal is therefore inappropriate based on the present record.

Accordingly,

1.    The Court declines to adopt the findings and recommendations issued on January 9, 2026, Doc. 5; and

2.    This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    February 23, 2026

_____
UNITED STATES DISTRICT JUDGE